JOHN JAMES, complainant, *vs.* JOSHUA HOWARD and others, defendants.

Section 62, page 145, Session Laws 1853, which requires that, upon the neglect of any Township Treasurer to pay over, or account for, the taxes required by his warrant to be collected, to the County Treasurer, according to law, the County Treasurer shall issue a warrant to the Sheriff, requiring him to collect such money of said Treasurer and his sureties, does not authorize the issuing of such warrant against a defaulting Ward Collector of Taxes of the City of Detroit.

Case reserved from the Wayne Circuit Court in Chancery.

*Howard, Bishop & Holbrook*, for complainant.

*Burt & Maynard*, for defendant.

By the Court, BACON, J.

The Treasurer of Wayne County, on the tenth day of February, 1855, issued his warrant directed to the Sheriff, commanding him to levy the sum of $2,365.65, together with his fees for collecting, of the goods and chattels, lands and

John James, complainant, *vs.* Joshua Howard *et al.*, defendants.

tenements of William S. Montgomery, John James and John McReynolds, and to pay the same to the County Treasurer within forty days from the date thereof.

The plaintiff thereupon filed his bill, and obtained a preliminary injunction to stay the Sheriff, Joshua Howard, from proceeding on the warrant.

It appears from the bill, that in the year 1854, Montgomery was Collector of the third ward of the City of Detroit, and that James and McReynolds became sureties for him on his bond as Collector, to the County Treasurer.

It further appears, that Montgomery afterwards collected a large sum of money, and neglected to pay over the same, as required by law. That thereupon the warrant was issued, as is above stated.

On the hearing before the Circuit Court, the whole case was reserved for the opinion of the Supreme Court.

The main question is, had the County Treasurer authority to issue the warrant, as set forth in the bill.

The powers and duties of this officer are clearly pointed out by the statute.

It is provided by the Act of 1853, page 145, Section 62, that, " If any *Township Treasurer* shall neglect or refuse to pay to the County Treasurer the sums required by his warrant, or to account for the same as unpaid, as required by law, the County Treasurer shall, within twenty days after the time when such payment ought to have been made, issue a warrant under his hand, directed to the Sheriff of the County, commanding him to levy such sum as shall remain unpaid and unaccounted for, together with his fees for collecting the same, of the goods and chattels, lands and tenements of such Township Treasurer, and his sureties, and pay the same to the County Treasurer ;" and make return of the warrant in forty days after the date thereof.

The powers and duties of the Collectors of Wards of the City of Detroit, are prescribed in the following statutes :

By the Act of 1849, page 34, Section 6, it is provided that the Collectors of the several wards of the City of Detroit, "shall give bonds in such manner, and be entitled to such compensation, as may be prescribed by law for township officers doing similar duties."

And, by the Act of 1853, page 164, Section 146, it is provided, that the Collectors of the several wards of the City of Detroit shall have and exercise the *powers and duties* of *Township Treasurers*, under the provisions of this chapter.

These are the only provisions of the statute which are material to the decision of this case.

The defendants contend, that inasmuch as the County Treasurer is expressly authorized to issue his warrant in certain cases against a *Township Treasurer* who is in default in not paying over money, he may, therefore, issue his warrant against a defaulting Collector of one of the wards of the City of Detroit, because he must "give bond in such manner, and is entitled to such compensation as may be prescribed by law for township officers doing similar duties;" and for the further reason, that "he has and exercises the powers and duties of Township Treasurer." The defendants allege, that the Legislature intended to subject the Ward Collector to the same liabilities and penalties as the Township Treasurer, in cases of neglect to pay over money.

It is a general principle, that officers who are created by statute must confine their acts within its provisions, and not go beyond its plain letter. (1 *Blackford*, 336; 2 *Mich. R.*, *Sibley* vs. *Smith*, *p.* 486.) Statutes which a rein derogation of the common law, which point out new modes of proceeding, and especially where their effect is to deprive a citizen of his property, must be construed strictly. (*Van Horn's Lessees* vs. *Darrow*, 2 *Dal.*, 216; 4 *Hill R.*, 99; *Sharp* vs. *Johnson*, *per Bronson*, *J.*)

The statutes which we have cited, are silent as to the *liabilities* of a Ward Collector, who fails to pay over money

which he has collected. There is no provision which authorizes the County Treasurer to issue a warrant against him and his sureties, as in the case of a Township Treasurer who is in default. The acts to which we have referred simply provide, that the Collector of the ward shall give bond—shall have certain prescribed compensation for his services—and shall have and exercise the *powers* and *duties* of Township Treasurer, and at this point the statute ends. Not a word can be found which even tends to show that the Collector of a ward, when in default in not paying over money which he has collected, is to be dealt with in the same summary way as a Township Treasurer, who fails to comply with the terms of his warrant in making payment to the County Treasurer.

- The powers conferred on the officer last named, are of the most extraordinary character. Without previous summons or notice to the Township Treasurer or his sureties; without any previous adjudication to determine whether he has not paid over the money which he has collected, or the amount which is unpaid; without even making an entry in his books, to show to his successor or to the parties concerned what he has done, and acting on his own arbitrary determination, he issues his warrant against the Treasurer and his sureties. The first and only notice of the proceedings to them, may be the seizure of their property by the Sheriff.

To justify an act so entirely at variance with all legal proceedings; condemning without a hearing; seizing property without a judgment, and selling it without notice or redemption—for the statute requires no notice, and gives no redemption after sale—there should be a clear, plain, and specific authority. It should not be an authority drawn from doubtful analogies, or resting on the forced construction of ambiguous statutes. We think that no such authority exists, and that the County Treasurer has no power to issue the warrant in question.

57

It is not necessary to consider the other questions which are made in the case. They all spring directly from the warrant, and fall with it.

This decision in no way affects the validity of the bond of the Collector, or the legality of the taxes assessed in the city.

It must be certified to the Circuit Court for the County of Wayne, as the opinion of the Supreme Court, that the injunction which was heretofore issued in this cause be made perpetual, and that the complainant recover his costs.